UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RYAN TAYLOR FELKNOR,**

Plaintiff,

v.                                                           **No. 4:25-cv-01291-P-BP**

**BANK OF AMERICA NA,**

Defendant.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This is a suit for violation of the Electronic Fund Transfer Act ("EFTA"), the Americans with Disabilities Act ("ADA"), the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"), negligence, and breach of informal fiduciary duty, that Plaintiff Ryan Taylor Felknor brings against Bank of America NA ("BOA"). ECF No. 1. On January 21, 2026, United States District Judge Mark T. Pittman referred the case to the undersigned for pre-trial management. ECF No. 21.

Before the Court are the Motion to Dismiss that BOA filed on January 16, 2026 (ECF No. 18), Response that Felknor filed on February 6, 2026 (ECF No. 23), and Reply that BOA filed on February 18, 2026 (ECF No. 24). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** the Motion to Dismiss in part (ECF No. 11) and **DISMISS** Felknor's claims without leave to amend his claims as set forth below.

## I.    BACKGROUND

On October 5, 2021, Felknor and his accountant opened two accounts with BOA at a branch in Madison, Tennessee. ECF No. 1 at 2. Felknor informed BOA that he received Social Security disability benefits, has Autism Spectrum Disorder and manic depression, and relied on the help of his accountant to assist him in managing his finances. *Id.* In October 2024, Felknor claims his account was debited $515,000.00 without his authorization. *Id.* He claims that BOA processed these transfers "without employing two-factor authentication, out-of-band confirmation, or other commercially reasonable safeguards." *Id.* at 3. Felknor claims he previously reported a similar $1,500.00 unauthorized transaction, but BOA denied his fraud claims as to both transactions. *Id.*

Felknor alleges that a BOA employee called his accountant and attempted to coerce his accountant to sign a document containing false statements relating to the transfers. *Id.* at 4. He also alleges that BOA did not accommodate his disability and did not take meaningful steps to recover the improperly transferred funds. *Id.* at 5-6. He seeks actual damages of $516,500.00, statutory and treble damages, injunctive and declaratory relief under the ADA, attorney fees and costs, and pre and post judgment interest. *Id.* at 13.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state

a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff ... and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B.    The EFTA

The [EFTA] provides that the customer must, orally or in writing, notify the institution of any errors relating to electronic fund transfers within 60 days of the customer's receipt of the bank statement or other document detailing the alleged erroneous electronic fund transfer. 15 U.S.C. § 1693f(a). Once the institution is properly notified, the institution is required to "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." *Id.* . . . Where the financial institution determines that an error did occur, the EFTA requires that it credit the consumer's account, with interest, within "one business day after such determination." 15 U.S.C. § 1693f(b). Conversely, if after investigation the financial institution determines that an error did *not* occur, "it shall deliver or mail to the consumer an explanation of its findings within [three] business days

after the conclusion of its investigation, and upon request of the consumer promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur." 15 U.S.C. § 1693f(d).

Almon v. Conduent Bus. Services, LLC, No. SA-19-cv-01075-XR, 2022 WL 902992, at *1–2 (W.D. Tex. Mar. 25, 2022)

### C. Negligence

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003).

### D. Title III of the Americans with Disabilities Act ("ADA")

Title III of the ADA states "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *Magee v. Coca-Cola Refreshments USA, Inc.*, 833 F.3d 530, 532 (5th Cir. 2016); 42 U.S.C. § 12182(a). A private entity may qualify as a public accommodation, providing the entity "affect[s] commerce." 42 U.S.C. § 12181(7).

### E. DTPA

The DTPA was enacted "to protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." Tex. Bus. & Com. Code § 17.44. "There are three elements to a DTPA claim: '(1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3)

4

these acts constituted a producing cause of the consumer's damages.'" *In re Frazin*, 732 F.3d 313, 323 (5th Cir. 2013) (citing *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002)).

### F.      Informal Fiduciary Duty

Ordinarily, a "bank relationship standing alone [does not] create a fiduciary relationship." *Wells Fargo Bank, N.A. v. Citizens Bank of Tex., N.A.*, 181 S.W.3d 790, 801 (Tex. App.—Waco 2005, pet. denied) (citations omitted). However, such an informal relationship may give rise to a fiduciary duty where one person trusts in and relies on another, whether the relation is a moral, social, domestic, or purely personal one. *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 176 (Tex. 1997) (citations omitted). Yet "not every relationship involving a high degree of trust and confidence rises to the stature of a fiduciary relationship . . . [and courts should] not create such a relationship lightly. *Id.* at 176-177.

### G.      Dismissal with or without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th

Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

## III.   ANALYSIS

### A.   The Court should deny the Motion as to the EFTA claim.

BOA first argues that the EFTA does not apply to the transactions at issue because they were "wire transfers" between two financial institutions which the EFTA "expressly exclude[s]." ECF No. 19 at 10 (citing Reg. E, 12 C.F.R. § 1005.3(c)(3)). BOA also argues that dismissal is appropriate because Felknor filed his claim more than one year after the transfers occurred, and therefore the EFTA statute of limitations bars his claim. *Id.* at 12.

The EFTA exclusion BOA cites applies to "transfer of funds through Fedwire or through a similar wire transfer system . . . primarily for transfers *between* financial institutions or [] businesses." Reg. E, 12 C.F.R. § 1005.3(c)(3) (emphasis added). Felknor alleges this exclusion does not apply because the money was transferred from his personal bank account with his financial institution, to another financial institution. ECF No. 23 at 3. He also argues that the EFTA applies to the transfers because the $515,000.00 transfer was initiated through a Voice-over-Internet Protocol ("VoIP") rather than a traditional wire transfer procedure and the $1,500.00 transfer was through Apple Pay, which seemingly falls within the "telephonic

instrument" category of the EFTA's definition of "electronic fund transfer." *Id.* (citing 15 U.S.C. § 1693a(7)).

Although it is possible that these transfers fall within the EFTA exception, the Court takes all well-pleaded facts as true and views them in the light most favorable to Felknor. Such well-pleaded facts include that the transfers were initiated via VoIP and Apple Pay, which distinguish them from a wire transfer that the EFTA exception covers.

Additionally, the statute of limitations does not bar Felknor's claim. The one-year deadline to file Felknor's claim fell on Saturday, October 18, 2025, and he accordingly filed his claim the next business day, Monday, October 20, 2025, in compliance with Federal Rule of Civil Procedure 6(a)(1)(C). *See* ECF No. 1. The Court finds Felknor has pleaded sufficient facts to state a claim to relief that is plausible on its face, and therefore the Court should deny Motion as to the EFTA claim. *Twombly*, 550 U.S. at 547.

### B.    The Court should dismiss the negligence claim.

BOA contends that Felknor's negligence claim should be dismissed because the Uniform Commercial Code (the "UCC") preempts the claim, it owed Felknor no duty, and the economic loss rule bars the claim. ECF No. 19 at 13-17. BOA is correct on two of its arguments.

#### 1.    Preemption

"Where a legal dispute arises from a funds transfer, the parties should look first to Article 4A of the UCC for guidance in bringing and resolving their

claims." *Consorcio Indus. de Construccion Titanes, S.A. de C.V. v. Wells Fargo Bank, N.A.*, No. 3:10-cv-2111-K, 2012 WL 13019678, at \*2 (N.D. Tex. July 12, 2012).

However, "Article 4A does not automatically eliminate common law claims." *JESCO Constr. Corp. v. Wells Fargo Bank, N.A.*, No. 1:20CV147-HSO-JCG, 2021 WL 9629459, at \*4 (S.D. Miss. Mar. 11, 2021). "Thus, a plaintiff is only restrained from bringing non-Article 4A claims when those claims 'create rights, duties and liabilities *inconsistent* with those stated in [the] Article.'" *Consorcio,* 2012 WL 13019678, at \*2 (citing *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1275 (11th Cir. 2003)) (emphasis in original). "Therefore . . . the court must determine whether the substantive claims brought by Plaintiff are covered by the provisions of Art. 4A, or if they fall outside the confines of the U.C.C. and can be grounded in other statutory or common law." *Id.* "The Article 4A displacement analysis with respect to a negligence claim is a fact-specific inquiry." *JESCO Constr. Corp.*, 2021 WL 9629459, at \*6 (citing *Newsome v. Peoples Bancshares,* 269 So. 3d 19, 34 (Miss. 2018)).

The facts here are like those in *JESCO Constr. Corp.*, which also involved an unauthorized funds transfer from bank accounts to third parties. 2021 WL 9629459, at \*1. There, the court found that the "negligence . . . claims [were] not based solely on the initial unauthorized transfers of funds from its accounts, but also on the subsequent acts of Wells Fargo after the initial transfers were completed." *JESCO Constr. Corp.*, 2021 WL 9629459, at \*7.

8

Like that case, here Felknor claims BOA was negligent both in allowing the transfer to occur and in its actions to investigate and recover the funds following the transfer. Therefore, the Court "cannot say at this early stage of the proceedings that [Felknor's] negligence . . . claim[] [is] displaced by Article 4A," because like in *JESCO Constr. Corp.*, the negligence claims are not based solely on the initial unauthorized transfers. *Id.*

### 2.    Duty owed

BOA argues that Felknor has not established that BOA owed him a duty, and no recognized legal duty exists under Texas law. ECF No. 19 at 15 (citing *Barge v. Wells Fargo Bank, N.A.*, No. 1:23-cv-00189, 2024 WL 2520324, at *4- 5 (E.D. Tex. Mar. 28, 2024)). In *Barge*, the Court dismissed a negligence claim because the bank did not owe plaintiffs an "actionable duty." 2024 WL 2520324, at *3-4.

Felknor argues that a duty may exist when "a bank's conduct exceeds ordinary account processing and involves control or induces reliance." ECF No. 23 at 5 (citing *Kashanchi v. Tex. Commerce Med. Bank, N.A.*, 703 F.2d 936, 939-40 (5th Cir. 1983)). But *Kashanchi* involved the EFTA, not negligence claims, never mentions the word "duty" or "reliance," and does not include any references to "control." *See Kashanchi*, 703 F.2d at 937. With no other legal authority cited, this argument is unavailing.

Felknor alternatively argues BOA owed him a duty due to a "special relationship" that existed because of BOA's acknowledgment of his accountant

as a joint owner of his account and knew he served as Felkner's financial advisor. ECF No. 23 at 6. But Courts only have found this exception "in a few limited circumstances." *Sullivan v. Bank of Am., N.A.*, No. 3:14-cv-3186-G, 2014 WL 6977093, at *3 (N.D. Tex. Dec. 10, 2014). These circumstances include a transaction between an insured and insurer but not between a mortgagor and mortgagee. *Id.* at 3. Felknor does not provide an adequate factual basis, nor cite to any legal authority that he had a special relationship with BOA because he had an accountant who served as his financial advisor due to what he refers to as his "maladies." This argument is also unavailing because Felknor has not shown a "special relationship" exists under applicable legal authorities.

Finally, Felknor argues that Texas law imposes a duty when "one undertakes to render services necessary for the protection of another's property and fails to exercise reasonable care." ECF No. 23 at 5 (citing *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838 (Tex. 2000)). He contends that BOA assumed a duty to act reasonably when it previously opened a fraud investigation, froze accounts, and controlled access to funds. *Id.* However, the Court in *Torrington Co.* based this principle on classical notions of tort law and made clear that the undertaker of the services is subject to liability only when (a) his failure to exercise such care increases the risk of such harm, or (b) the harm is suffered because of the other's reliance upon the undertaking. 46 S.W.3d 829, 838. Felknor does not allege that BOA's previous fraud investigation increased the

risk that future harm would occur. He also does not claim that the harm he suffered was due to his reliance on BOA's previous fraud investigation. As a result, Felknor's third argument also is unavailing.

Accepting Felknor's factual allegations as true and viewing them in the light most favorable to him, Felknor does not raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 55. As a result, the Court should dismiss his negligence claim because he has not shown that BOA owed him a duty.

3.    Economic loss rule

Even if Felknor had established a duty existed, the Court still should dismiss his negligence claim because the economic loss rule applies. "In Texas, the economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *A-1 Am. Fence, Inc. v. Wells Fargo Bank, N.A.*, No. 1:20-cv-441, 2021 WL 7184973, at *5 (E.D. Tex. May 5, 2021).

"The burden is on the plaintiff to establish evidence of an independent injury." *Id.* BOA raised the economic loss rule in its Motion, and Felknor did not address the argument in his Response. Because he has not met his burden and not provided any factual basis to establish evidence of an independent injury, dismissal is also appropriate on this basis.

11

### C.    The Court should deny the Motion as to the ADA claim.

BOA next argues that the Court should dismiss Felknor's ADA claim because Felknor does not sufficiently identify a "policy, practice, or procedure to modify." ECF No. 19 at 20 (citing *Prim v. Stein*, 6 F.4th 584, 595 (5th Cir. 2021)). Additionally, BOA argues Felknor did not show "that a modification was requested and that the requested modification is reasonable" to establish a violation of 42 U.S.C. § 12182(b)(2)(A)(ii). *Id.* (citing *Prim*, 6 F.4th at 595).

Felknor alleges that he informed BOA of his qualified disabilities and requested that communication be routed through his legal counsel and be structured in a simplified manner. ECF No. 15 at 9-10. He alleges that BOA did not honor these requests, communicated directly with him, and communicated unreasonably and coercively with him and his legal counsel. *Id.* at 10.

Accepting these factual allegations as true and resolving all disputes in favor of Felknor, the Court finds that he has plausibly alleged an ADA claim. While Felknor does not reference an exact policy BOA did not modify, he describes the requested accommodation with sufficient specificity to show that he requested reasonable modifications in BOA's communication procedures, and BOA did not honor his request. Accordingly, the Court should deny the Motion as to Felknor's ADA claim.

### D.    The Court should dismiss the DTPA claim.

BOA argues the Court should dismiss Felknor's DTPA claim because he does not meet the applicable pleading standards, he is not a consumer under the law, and the economic loss rule bars the claim.

1.      Pleading with particularity

A plaintiff must not "merely list portions of the DTPA that they claim Defendants violated." *Martinez v. Capital One*, No. cv H-22-2767, 2022 WL 17085938, at *7 (S.D. Tex. Nov. 18, 2022). Instead, they must "plead [] DTPA claims with [] particularity." *Id.*

In addition, when a plaintiff pleads a claim of fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) "require[es] a plaintiff [] to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) (citing *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564-65 (5th Cir. 2002)). And "[c]laims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." *Patel v. Holiday Hosp. Franchising, Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001).

Here, Felknor alleges BOA represented that 1) high-value transfers would be protected by fraud monitoring and multi-factor authentication; 2) unauthorized transactions would be fairly investigated and recredited; and 3) BOA would safeguard funds in accordance with its fraud policies. ECF No. 15 at 10. Felknor also alleges facts showing how BOA did not implement these services when the transfers occurred. Therefore, Felknor has sufficiently set out a factual basis as to "the who, what, when, where, and how of the events at issue" may constitute fraud. *Dorsey*, 540 F.3d 333, 339 (5th Cir. 2008) (internal quotations and citations omitted).

2.      Consumer under the DTPA

A consumer is a person "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code §§ 17.45(4). And "the goods or services sought or acquired must form the basis of the party's complaint." *Ford v. City State Bank of Palacios*, 44 S.W.3d 121, 133 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.) (citations omitted). BOA alleges bank customers are not consumers because they do not purchase goods or services when depositing funds and holding an account with the bank.

"The question of whether a party is a consumer [under the DTPA] is a question of law." *Hunter v. Navy Fed. Credit Union*, 749 F. Supp. 3d 743, 754–55 (N.D. Tex. 2024) (citing Gomez v. Wells Fargo Bank, 2010 WL 2900351, at *3 (N.D. Tex. July 21, 2010)). Authorities conflict on whether owning a bank account is sufficient to establish consumer status under the DTPA.

Merely "deposit[ing] money into [an] account[]" is insufficient to show that a person is a consumer of a bank's services. *See Venkatraman v. Bank of Am., N.A.*, No. 3:24-cv-2821-K-BW, 2025 WL 2347189, at *7 (N.D. Tex. July 25, 2025), *rec. adopted*, No. 3:24-cv-2821-K-BW, 2025 WL 2345070 (N.D. Tex. Aug. 13, 2025). And "if the sole objective of the transaction is for an intangible such as establishing a bank account, thereby creating an account receivable, then consumer status is not reached." *Canfield v. Bank One, Tex., N.A.*, 51 S.W.3d 828, 838 (Tex. App.—Texarkana 2001, pet. denied)

But "when a depositor pays service fees and the bank in return agrees to honor

14

the checks of its depositor, the depositor is a 'consumer' of banking 'services' within the purview of the DTPA." *Bank One, Tex., N.A. v. Taylor*, 970 F.2d 16, n.12 (5th Cir. 1992). And the Supreme Court of Texas found in *La Sara* that "the services provided by a bank in connection with a checking account are within the scope of the DTPA." *La Sara Grain Co. v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 564 (Tex. 1984).

Felknor provides a sufficient factual basis to find that he was a "consumer" of BOA's services under the DTPA. He states that "[b]anking services constitute 'services' under the DTPA" and alleges he sought and received such services from BOA. While the legal authorities are inconclusive, Felknor cites a sufficient legal basis to plausibly state that he is a "consumer" under the DTPA.

### 3.    Economic loss rule

The Court should dismiss Felknor's DTPA claim because the economic loss rule applies. Again, Felknor did not meet his "burden . . . to establish evidence of an [] injury" independent from the contract between the parties. *Id.* In his Response, Felknor did not rebut BOA's argument in its Motion that the economic loss rule applies.

Because he has not met his burden and has not provided any factual basis that his harm consists of anything more than the "economic loss of a contractual expectancy," dismissal is appropriate on this basis. *A-1 Am. Fence, Inc.*, 2021 WL 7184973, at *5.

### E.    The Court should dismiss the informal fiduciary duty claim.

BOA argues the Court should dismiss Felknor's fiduciary duty claim because the UCC preempts it, and Felknor has not established that BOA was serving as a fiduciary. Like his negligence claim, Felknor bases his fiduciary duty claim on the unauthorized transfers and the subsequent BOA acts of not investigating or taking reasonable steps to recover the funds. *See JESCO Constr. Corp.*, 2021 WL 9629459, at *7. As a result, Article 4A of the UCC does not preempt his fiduciary duty claim.

But dismissal is still appropriate because Felknor has not established that BOA owed him a fiduciary duty. Felknor has not pleaded any factual basis to rebut the usual rule that a "bank relationship standing alone [does not] create a fiduciary relationship." *Wells Fargo Bank, N.A.*, 181 S.W.3d at 801. And he does not state facts showing that the nature of his relationship with BOA was one of trust or reliance. *Schlumberger Tech. Corp.*, 959 S.W.2d at 176. Courts do not create such a relationship lightly, and Felknor provides no factual or legal basis for doing so here. *Id.* at 176-177. As a result, the Court should dismiss his informal fiduciary claim because he has not provided a plausible factual basis for relief on this claim.

### F.    The Court should dismiss Felknor's claims without leave to amend.

Felknor does not plead sufficient facts to state a claim under the DTPA, for negligence, or for breach of an informal fiduciary duty. He already amended his complaint once and responded to the present Motion, each several pages long and laying out the facts of his case in detail. Accordingly, the Court concludes that he has

pleaded his best case and that further amendment of the Complaint to address the deficiencies noted above would be futile.

## IV.   CONCLUSION

Felknor has not pleaded sufficient facts to state a claim against BOA under the DTPA, for negligence, or for breach of an informal fiduciary duty. Therefore, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** BOA's Motion to Dismiss (ECF No. 18) in part and **DISMISS** Felknor's claims under the DTPA, for negligence, and for breach of an informal fiduciary duty under Federal Rules of Civil Procedure 12(b)(6) and **DENY** the Motion as to Felknor's remaining claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by

17

statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

It is so **ORDERED** on February 23, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

18